UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVE BROWN and
MONICA BROWN,

    Plaintiffs,

v.   Case No. 3:14cv139/MCR/CJK

DEPARTMENT OF CHILDREN
AND FAMILIES,

    Defendant.

_____/

ORDER and REPORT AND RECOMMENDATION

    This cause is before the court upon plaintiff filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and motion to proceed *in forma pauperis* (doc. 2). On April 22, 2014, the court entered an order directing plaintiffs to show cause within **thirty (30) days** why the case should not be dismissed for lack of subject matter jurisdiction. As the court indicated in its order, according to the *Rooker-Feldman* doctrine, a rule of jurisdiction announced in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and reaffirmed by *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983), "federal courts, other than the Supreme Court, do not have jurisdiction to review final state court decisions." *McGee v. Kell*, 335 F. App'x 3, 4 (11th Cir. 2009); *see also Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 344 (11th Cir. 2009) ("Under the *Rooker-Feldman* doctrine, federal

courts lack subject-matter jurisdiction over certain matters related to previous state court litigation."); *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). "The doctrine applies . . . to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) ("The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment."). "A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

The court explained in its prior order that application of the jurisdictional rule articulated by *Rooker-Feldman* is determined by reference to a four-part standard. *See Morris v. Wroble*, 206 F. App'x 915, 918 (11th Cir. 2006); *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003). "A federal district court does not have jurisdiction to review state-court decisions where: (1) the party in federal court is the same as the party in state court; (2) the prior state-court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state-court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." *Morris*, 206 F. App'x at 918; *see also Redford*, 350 F. App'x at 344-45 n.2. The court noted that, based on the allegations in plaintiffs' complaint, it appears that this case may fall within the

narrow confines of the *Rooker-Feldman* doctrine and that, even if the case is not barred by the *Rooker-Feldman* doctrine, the court can discern no basis under 28 U.S.C. §§ 1331 and 1332 for the exercise of subject matter jurisdiction in this instance. *See Sipos*, 259 F.3d at 1332 n.6 (noting that "[a] federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination" and citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001), for the proposition that "[b]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

In response to the court's order, plaintiffs simply expanded upon the allegations in their complaint, all of which relate to a dispute with the Florida Department of Children and Families regarding custody of plaintiff's niece, and asserted that the state court "WRONGLY DECIDED THE ISSUES BEFORE IT." Doc. 5 at pg. 1. Plaintiffs did not address the jurisdictional issue and, instead, confirmed that this action does in fact involve a state court matter over which this court has no jurisdiction.

Title 28 U.S.C. § 1915 mandates that the district court dismiss a civil rights complaint if the complaint: 1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or 2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th

Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle). Here, plaintiffs have failed to plead facts even suggesting that this court has jurisdiction over this matter.

Accordingly, it is ORDERED:

1. That plaintiffs' motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this action be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 31st day of October, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988). That this action be dismissed for lack of subject matter jurisdiction.